IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARREO MONTEOUS RUFF, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-114 |
| | ) | (Formerly CR 115-018) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Marreo Monteous Ruff filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED**, the motion for appointment of counsel be **DENIED** (CR 115-018, doc. no. 59), and this civil action be **CLOSED**.

**I.    BACKGROUND**

On February 5, 2015, a grand jury in the Southern District of Georgia charged Petitioner in a three-count indictment with one count of armed bank robbery, in violation of 18 U.SC. § 2113 (a), (d), one count of using carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g). United States v. Ruff, CR 115-

018, doc. no. 1 (S.D. Ga. Feb. 15, 2015) (hereinafter "CR 115-018").  Petitioner retained attorney Adrian L. Patrick, and on August 21, 2015, Petitioner pleaded guilty to one count of armed bank robbery, and one count of felon in possession of a firearm. Id., doc. nos. 50-53.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at twenty-four, Criminal History Category at IV, and Guidelines imprisonment range at seventy-seven to ninety-six months.  PSI ¶ 91.  Because Petitioner had a prior felony conviction for a crime of violence or a controlled substance offense, pursuant to U.S.S.G. § 2K2.1(a)(4)(A), his base offense level was twenty.  PSI ¶ 20.  That base level raised four points because Petitioner possessed a firearm during the armed bank robbery, and increased another three points because armed bank robbery resulted in a higher offense level subtotal. The adjusted offense level subtotal of twenty-seven was reduced by three points to twenty-four based on Petitioner's acceptance of responsibility.  PSI ¶¶ 30-40.  The statutory maximum term of imprisonment for Petitioner's offense of conviction was twenty-five years for armed bank robbery under 18 U.S.C. § 2113(a), (d), and ten years for the firearm offense under 18 U.S.C. §§ 922(g).  PSI ¶ 90.

At sentencing on October 21, 2015, United States District Judge Dudley H. Bowen, Jr., imposed a sentence of ninety-four months of imprisonment, five years supervised release, a $100 special assessment, and a $1,500 fine.  CR 115-018, doc. no. 57.  Petitioner did not file an appeal.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015).  In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for

2

vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

On July 18, 2016, Petitioner filed his § 2255 motion, arguing Johnson entitles him to be resentenced without a sentencing enhancement.[1] (Doc. no. 1, p. 4.) Petitioner does not contend he was sentenced under the statutory provisions of the ACCA but instead argues for extension of Johnson to his sentence because his base offense level of twenty was set by U.S.S.G. § 2K2.1(a)(4)(a). (See generally id.)

## II. DISCUSSION

### A. Johnson Does Not Apply to the Guidelines.

U.S.S.G. § 2K2.1(a)(4)(A) provides for a base offense level of twenty "if the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." The Application Notes to § 2K2.1 define "crime of violence" by adopting the definition from § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2. That definition provides a "crime of violence" is a felony that: "(1) has an element the use, attempted use or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a

---

[1] As per the Courts July 12, 2016 Order, this motion was given a *nunc pro tunc* filing date of June 28, 2016.

3

serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). The concluding phrase of this definition is identical to the ACCA residual clause found to be unconstitutionally vague in Johnson.

The PSI does not specify whether Petitioner's prior convictions qualified for the base offense level of twenty by invocation of the residual clause in § 4B1.2(a). Even if this were the case, Johnson does not afford Petitioner with relief. Although the ACCA and Guidelines "include an identical residual clause that encapsulates crimes that 'present[] a serious potential risk of physical injury to another[,]" Johnson does not apply to enhancements under the sentencing guidelines. United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015). This is because the vagueness doctrine under the Due Process Clause does not apply to the sentencing Guidelines but is, instead, "limited to criminal statutes that define elements of a crime or fix punishments." Id. As Petitioner's sentence was not based on application of the ACCA's residual clause, and the Eleventh Circuit has determined Johnson does not apply to enhancements under the Guidelines, Petitioner is not entitled to be resentenced without application of § 2K2.1.[2] See id.; see also United States v. Kirk, 636 F. App'x 548, 550 (11th Cir. 2016) ("[N]othing in Johnson precludes the application of the offense level increases or enhancements in the advisory sentencing guidelines."); United States v. Snipes, CR 11-00268 / CV 15-00419, 2015 WL 8207484, at *1-2 (S.D. Ala. Dec. 7, 2015) (dismissing

---

[2] The United States Supreme Court has granted certiorari to consider whether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2) and whether Johnson's constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2) such that a challenge to a sentence imposed under this portion of the Guidelines is cognizable on collateral review. Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 136 S. Ct. 2510 (U.S. June 27, 2016) (No. 15-8544).

Johnson-based claim for resentencing without § 2K2.1 enhancement under reasoning of Matchett).

Because Petitioner's claim is clearly without merit based on the current record and Eleventh Circuit case law, his motion is ripe for dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings.

### B. Petitioner Is Not Entitled to Appointed Counsel.

Petitioner also filed a motion for appointment of counsel. There is no automatic constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2255, but such requests are discretionary when "due process or the 'interests of justice'" so require. Hooks, 775 F.2d at 1438; Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979); see also 28 U.S.C. § 2255(g) and Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts (authorizing appointment of counsel pursuant to 18 U.S.C. § 3006A if evidentiary hearing warranted). Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012). In sum, "[e]xcept in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed," there is no federal constitutional right to appointed counsel. Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 2.2, at 145 (2015 ed.) (citations omitted).

The Court does not find any exceptional circumstances justifying the appointment of

5

counsel. See McCall, 495 F. App'x at 31. Petitioner has had no problem communicating with the Court, and as explained above, his case does not fall within the parameters of Johnson and is due to be dismissed. Therefore, the motion for appointment of counsel should be **DENIED**. (CR 115-018, doc. no. 59.)

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED,** the motion for appointment of counsel be **DENIED**, (CR 115-018, doc. no. 59), and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 1st day of September, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA